FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 0 6 2009

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Cr. No. 08-2710 LH |
| HERMINO BENAVIDEZ, ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, HERMINO BENAVIDEZ, and the Defendant's counsel, Joe M. Romero, Jr.:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

   a. to plead not guilty, or having already so pleaded, to persist in that plea;

   b. to have a trial by jury; and

   c. at a trial:

      1) to confront and cross-examine adverse witnesses,

      2) to be protected from compelled self-incrimination,

       3)       to testify and present evidence on the Defendant's own behalf, and

       4)       to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to the indictment, charging violation of 21 U.S.C. §§ 841(a)(1), that being unlawfully, knowingly and intentionally possessing with intent to distribute more than 50 grams of a mixture and a substance containing a detectable amount of cocaine base.

## SENTENCING

4. The Defendant understands that the minimum and maximum penalty the Court can impose is:

    a.    imprisonment for a period of not less than ten years nor more than life imprisonment;

    b.    a fine not to exceed the greater of $4,000,000 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

    c.    a mandatory term of supervised release of not less than five years that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.    a mandatory special penalty assessment of $100.00; and

    e.    restitution as may be ordered by the Court.

5. The Defendant may be eligible for the "safety valve" provisions set forth at 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2. If the Defendant establishes eligibility for each of the elements in § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2, the Defendant would be entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and the sentence imposed could be less than the statutory minimum sentence described above. This reduction depends on, among other requirements of § 3553(f), the Defendant truthfully providing to the Government, before sentencing, all information and evidence concerning the offenses that were part of the same course of conduct underlying this agreement. Additionally, this reduction depends on the Defendant having not more than one criminal history point as determined under the sentencing guidelines.

6. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

7. The United States reserves the right to make known to the United States Probation Office, for inclusion in the presentence report to be prepared under Rule 32, Fed. R. Crim. P., any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a

reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

    a.    On or about October 1, 2008, in San Miguel County, in the State and District of New Mexico, I, unlawfully, knowingly and intentionally did possess with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

    b.    On October 1, 2008, the Region IV Narcotics Task Force executed a search warrant at my residence located at 510 Alamo Street, Las Vegas, NM in San Miguel County.

When officers entered my residence I was in my bedroom playing a video game. I told the officers that all the stuff in the house was mine and that my parents didn't have anything to do with it. I took the officers to my room and pointed to a bag on the floor and said, "in that bag on the floor is the stuff."

A large rock of cocaine base, or "crack," was in the side pocket of my bag and two (2) smaller baggies of crack were under the TV stand in my room.

Both substances were tested and the laboratory results confirmed that they were both cocaine base with the large rock weighing 78 grams and the two smaller rocks weighing 14 grams total.

I possessed the cocaine base with the intent to distribute it.

9.    By signing this agreement, the Defendant admits all the foregoing facts and admits that there is a factual basis for each element of the crime(s) to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts

4

in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

10. The United States and the Defendant stipulate as follows:

a. ~~The applicable base offense level for calculation of the Defendant's sentence pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1 is Level 30, based on the Defendant's personal possession or distribution of, or awareness that others would possess or distribute, more than 50 grams but less than 150 grams of cocaine base.~~ *[initialed: JRM, HLB, SLW]*

b. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1, so long as the Defendant continues to accept responsibility for his or her criminal conduct, the Defendant is entitled to a reduction of three levels from the base offense level as calculated under the sentencing guidelines. The United States is free to withdraw this stipulation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing.

c. ~~The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering this agreement, the Defendant agrees not to seek a downward departure or variance from the applicable sentencing guideline range as determined by the Court after resolution of any objections by either party to the presentence report. In other words, the Defendant agrees that a sentence within the applicable guideline range is a reasonable sentence. If the Defendant, in~~ *[initialed: JRM, HLB, SLW]*

5

~~violation of this paragraph, should nevertheless seek a downward departure or variance, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.~~

d. Except under circumstances where the Court, acting on its own, fails to accept the terms of this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

e. Apart from the stipulations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines.

11. The Defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. The Defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the Defendant, or if the

6

Court varies from the advisory guideline range, the Defendant will not seek to withdraw the plea of guilty. In other words, regardless of any stipulations the parties may enter into, the Defendant's final sentence is solely within the discretion of the Court.

## WAIVER OF APPEAL RIGHTS

12. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence within the statutory maximum authorized by law and imposed in conformity with this plea agreement. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

## GOVERNMENT'S AGREEMENT

13. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that the United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

14. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no representations or promises from anyone as to what

7

sentence the Court will impose. The Defendant represents that the Defendant is pleading guilty because the Defendant is in fact guilty, and for no other reason.

## VIOLATION OF PLEA AGREEMENT

16. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

17. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

18. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 6th day of November, 2009.

GREGORY J. FOURATT
United States Attorney

8

Joel R. Meyers
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

Sam Winder FOR
Joe M. Romero, Jr.
Attorney for Defendant

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

Hermino Benavidez
Defendant